**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11514

Summary Calendar

ROSIE MARIA LOPEZ,

Plaintiff-Appellant,

VERSUS

PCI HEALTH TRAINING CENTER, INC., BOBBY PRINCE, BEN ENGELBERG and
MIKE PERRYMAN,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Dallas

(3:95-CV-2746-BD)

October 20, 1997

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Rosie Maria Lopez, sued defendants, PCI Health
Training Center, Inc. ("PCI"), Bobby Prince, Ben Engelberg, and
Mike Perryman, for employment discrimination on the basis of
religion and national origin under Title VII of the Civil Rights

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Act of 1964; 42 U.S.C. § 2000e *et seq.* Ms. Lopez also alleged claims of defamation and intentional infliction of emotional distress. She sought backpay and compensatory and punitive damages.

The case was tried before a jury beginning on October 7, 1996. After Ms. Lopez rested her case, the trial court granted a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 in favor of the individual defendants on all of the Title VII claims and in favor of the all the defendants on the intentional infliction of emotional distress and defamation claims. After trial, the jury returned a verdict in favor of PCI on the remaining Title VII claim. The trial court entered judgment on the verdict on October 22, 1996.

Ms. Lopez filed a motion for a new trial on November 1, 1996 which was denied by the trial court. She then filed her notice of appeal.

We have carefully reviewed the briefs, record excerpts and record itself. Findings of fact by a jury should not be "overturned unless the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that jurors could not arrive at a contrary verdict." *Mitchell Energy Corp. v. Sampson Resources Co.*, 80 F.3d 976, 981 (5th Cir. 1996). We are satisfied the jury verdict should not be disturbed. Furthermore, for the oral reasons stated by the district court, we

are convinced the district court did not err in entering judgment as a matter of law. Those reasons were: (1) there is no evidence before the jury that a defamatory statement was made, much less published to a third person; (2) the plaintiff has failed to produce probative evidence satisfying the elements of a claim of intentional infliction of emotional distress; and (3) only the employer, PCI, not the individual defendants, can be liable under Title VII. In so holding, we agree with the other circuits having considered the issue that individual employees cannot be held liable for backpay or the compensatory and punitive damages made available under Title VII by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. *See Wathen v. General Electric Co.*, 115 F.3d 400, 404-406 (6th Cir. 1997), *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3rd Cir. 1996), *cert. denied,* 117 S.Ct. 2532 (1997), *Haynes v. Williams*, 88 F.3d 898, 900-901 (10th Cir. 1996), *Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995), *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314-17 (2nd Cir. 1995), *Miller v. Maxwell's Int'l, Inc.* 991 F.2d 583, 587-88 & n.2 (9th Cir. 1993), *cert. denied*, 510 U.S. 1109 (1994).

Ms. Lopez also appeals her denial of a new trial. A denial of a new trial is reviewed for an abuse of discretion. Bailey v. Daniel, 967 F.2d 178 (5th Cir. 1992). We find no such abuse occurred.

Accordingly, the district court judgment is **AFFIRMED.**

3